FILED
SUPERIOR COURT
OF GUAM

2020 AUG 14 PM 1: 54

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>vs.<br><br>LUIS PANGELINAN SABLAN,<br><br>Defendant. | CRIMINAL CASE NO. CF0378-20<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on August 14, 2020, for hearing on Defendant Luis Pangelinan Sablan's ("Defendant") Ex Parte Motion and Application for Bail Redetermination Hearing Under 8 G.C.A. § 45.50 for Release on Personal Recognizance ("Motion for Bail Redetermination"). Defendant was present via videoconference from the Department of Corrections; Assistant Public Defender Kristine Borja, counsel for Defendant, was present via teleconference; and Assistant Attorney General Brendlynn Joseph was present on behalf of the People of Guam ("the Government") via teleconference. In accordance with its ruling from the bench on August 14, 2020, the Court now issues the following Decision and Order DENYING Defendant's Motion for Bail Redetermination.

## BACKGROUND

On August 6, 2020, Defendant was indicted with the following charges: (1) Aggravated Assault (As a Third Degree Felony) with attached Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony; (2) Family Violence (As a Third Degree

Felony); (3) Violation of a Court Order (As a Misdemeanor) – 2 Counts; and (4) Leaving the Scene of an Accident with Property Damage (As a Petty Misdemeanor). (Indictment, Aug. 6, 2020). These charges stem from allegations that Defendant violated an order of protection in Superior Court of Guam Protective Order Case No. PO0046-20. (Decl. of Rolland Wimberley, Magistrate's Compl., Jul 10, 2020). On or about June 26, 2020, Defendant was waiting outside in the parking lot of Tamuning Denny's in his car. *Id.* When Ms. Junie Reyes, Defendant's ex-girlfriend, exited the restaurant with her children, she did not want to make contact with Defendant. *Id.* Defendant yelled towards her, reversed the car quickly and almost hit K.A.C.R. (DOB: 04/09/2014). *Id.* Ms. Reyes had to pull K.A.C.R. from the back in fear that she would be struck by Defendant's vehicle. *Id.* Defendant reversed again and tried to hit them before driving out of the parking lot. *Id.* Subsequently, on July 9, 2020, Defendant allegedly pulled into the parking lot of Besta Market in Barrigada and hit Ms. Reyes' vehicle. *Id.*

On August 6, 2020, Defendant filed the instant Motion for Bail Redetermination. Defendant is confined pending the posting of $3,000 cash bail. *See* Commitment Order, Jul. 10, 2020. The Government did not file a response to the Motion for Bail Redetermination, but orally indicated that it opposed Defendant's release.

On August 12, 2020, Defendant asserted his right to a speedy trial.

## DISCUSSION

Defendant moves the Court to release him on personal recognizance as he does not have the means to pay the five thousand dollar ($3,000.00) cash bail. *See generally*, Mot. Bail Redetermination, Aug. 6, 2020.

Under Guam law, the Court must "order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 G.C.A. § 40.15(b). Factors for the Court to consider in determining whether Defendant presents a substantial risk of nonappearance or is a danger to the safety of any other person or the community include:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;

(2) the history and characteristics of the person charged, including:

    (i)    length of his/her residence on Guam;

    (ii)    his/her employment status and history, and financial condition;

    (iii)    his/her family ties and relationships;

    (iv)    his/her reputation, character and mental and physical condition;

    (v)    his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;

    (vi)    his/her history relating to drug or alcohol abuse;

    (vii)    the identity of the reasonable members of the community who will vouch for his/her reliability;

    (viii)    whether at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing, appeal or completion of sentence of an offense under Federal, state or local law; and

    (ix)    his/her history of compliance with other court orders;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; and

(4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 G.C.A. § 40.15(c).

If the Court finds that release on his or her own recognizance would not assure a defendant's appearance or would present a danger to any other person or the community, the Court may still permit release subject to certain conditions under 8 G.C.A. § 40.20. These conditions include:

(a) placement of the person in the custody of a designated person or organization agreeing to supervise him and to assist him in appearing in Court;

(b) placement of restrictions on the activities, movements, associations and residence of the person;

(c) placement of the person under supervision by means of electronic monitoring, including electronic monitoring with alleged victim stay-away alert technology, if available, and subject to the payment of fees or the exemption of fees, and other rules established by the court for electronic monitoring;

(d) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

(e) release of the person during working hours, but with the condition that he return to custody at specific times;

(f) require the person charged with family violence or violation of a protective order to undergo a lethality risk assessment or other risk assessments deemed appropriate by the Judiciary of Guam; or

(g) any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

8 G.C.A. § 40.20. Under section 40.20, the least onerous conditions shall be imposed to ensure Defendant's appearance as required and the safety of any other person and the community. "Determinations as to bail conditions and amounts are not to be driven by the goal of keeping the accused incarcerated, but should rather be reached in consideration of the only authorized interests, *to wit*, ensuring the appearance of the accused and the safety of others." *People v. Song*, 2011 Guam 19 ¶ 11.

In support of his motion, Defendant offers that he is a United States citizen who has lived on Guam for over ten years, that he has family on Guam, and was employed at the time of his arrest. *See generally*, Mot. Bail Redetermination, Aug. 6, 2020.

Upon consideration of the 8 G.C.A. § 40.15 factors, the Court is greatly concerned with the safety of the community and Defendant's ability to follow court orders. Even though Defendant was ordered to stay away and not have any contact with Ms. Reyes and her daughters in PO0046-20, he still allegedly attempted to come within 500 feet and contact them. (Decl. of Rolland Wimberley, Magistrate's Compl., Jul 10, 2020). Further, when she refused to speak with him, Defendant allegedly used his vehicle to attempt to hit Ms. Reyes and her daughters. *Id.*

Thus, upon the Court's review, Defendant's release only on personal recognizance does not sufficiently allay the Court's concerns regarding the safety of the community. This decision, however, does not preclude Defendant from requesting release with proposed third-party custodians or release on electronic monitoring in the future.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Bail Redetermination. A remote Status Hearing via teleconference regarding Defendant's asserted trial status is set for September 4, 2020 at 9:00 a.m.

**IT IS SO ORDERED,** this 14th day of August, 2020.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam